UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD RUFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10CV589 HEA |
| ) | |
| JENNIFER SACHSE, et al., ) | |
| ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's First Amended Motion to Correct Prisoner Civil Rights Complaint under 42 U.S.C. Section 1983, [Doc. No. 9]. Defendants Williams and Henderson's Motion to Dismiss, [Doc. No. 12], and Defendants Sachs and Layden's Motion to Strike, [Doc. No. 17]. Plaintiff has responded to the Motion to Strike, and agrees that it is well taken. The motion to strike will therefore be granted. Plaintiff has not responded to the Motion to Dismiss filed by Defendants Williams and Henderson. For the reasons set forth below, the Motion will be granted. None of the parties have specifically responded to Plaintiff's Motion, however, counsel for Defendant has filed an answer on behalf of Angela Henderson, wherein he states that Defendant Henderson is the Health Services Administrator, therefore, Plaintiff's Motion will

be denied as to the addition of Edith McDaniel as Health Services Administrator, and granted in all other respects.

## Facts and Background

### Motion to Dismiss

Defendants Williams and Henderson move to dismiss for Plaintiff's failure to state a claim and for failure to exhaust. Because Plaintiff's Complaint fails to state a cause of action, the Motion will be granted.

On April 6, 2010,, Plaintiff filed this action under 42 U.S.C. § 1983 against Defendants Williams and Henderson, among others, for violations of the Rehabilitation Act of the Americans with Disabilities Act (ADA). Specifically, Plaintiff alleges that he is a qualified individual; Plaintiff is legally blind, suffering from glaucoma. Plaintiff alleges Defendant Williams repeatedly denied his requests for reasonable accommodations for his disability. Plaintiff makes no specific allegations as to Defendant Henderson, Health Services Administrator.

## Discussion

## Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to

raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under Title II of the ADA, 42U.S.C. § 12131 *et seq.,* a qualified individual with a disability may not be excluded from participation in or be denied benefits of services, programs, or activities of a public entity, or be subjected to discrimination by that entity, because of the individual's disability. A qualified individual with a disability is a person who "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the public entity." 42 U.S.C. § 12131(2). To prevail on a Title II ADA claim, a plaintiff must establish: (1) that he is a person with a disability as defined by statute; (2) that he is otherwise qualified for the benefit in

question; and (3) that he was excluded from the benefit because of discrimination based upon his disability. *See* 42 U.S.C. § 12131 *et seq.; Randolph v. Rodgers,* 170 F.3d 850, 857 (8th Cir.1999).

Within the Eighth Circuit, however, claims under the ADA "cannot be based on medical treatment decisions." *Burger v. Bloomberg,* 418 F.3d 882, 883 (8th Cir.2006); *see also Fitzgerald v. Corrections Corp. of Am.,* 403 F.3d 1134, 1144 (10th Cir.2005) (ADA plaintiff must show that she was "otherwise qualified" for the treatment she sought, but "the term *otherwise qualified* cannot ordinarily be applied in the comparatively fluid context of medical treatment decisions without distorting its plain meaning.") (internal quotation marks and citations omitted). Accordingly, a plaintiff could not maintain an action under the ADA when the evidence undisputedly showed that plaintiff, who had a history of mental illness, was denied a kidney transplant because of a legitimate medical reason-his mental illness was a contraindication for transplants. *McElroy v. Patient Selection Committee of the Neb. Med. Ctr.,* No. 4:06CV3162, 2007 WL 4180695, at *2, *5 (D.Neb. Nov.21, 2007), *aff'd per curiam,* No. 07-3877, 2009 WL 50176 (8th Cir. Jan.9, 2009); *Holloway v. Correctional Medical Services,* 2010 WL 908491, *14 (E.D.Mo.,2010).

The allegations against Defendant Williams are those regarding his medical decisions, and as such, cannot form the basis of an ADA claim against him. As to

Defendant Henderson, there are no specific allegations, therefore, under *Twombly* and *Iqbal*, Plaintiff fails to state a claim that is plausible on its face. Moreover, as the Health Services Administrator, under the facts alleged in the Complaint, the action against her, if it were detailed, would fall within the ambit of holdings discussed above.

## Conclusion

Plaintiff's Complaint fails to state a cause of action against Defendants Williams and Henderson. The Complaint will be dismissed as to them.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 12], is **granted**.

**IT IS FURTHER ORDERED** that Defendants Sachs and Layden's Motion to Strike, [Doc. No. 17], is **granted**;

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Motion to Correct Prisoner Civil Rights Complaint under 42 U.S.C. Section 1983, [Doc. No. 9], is denied as to adding Edith McDaniel, and granted in all other respects.

Dated this 16th day of February, 2011.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE