UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICHARD RUFFIN, | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| vs. | ) | Case No. 4:10CV589 HEA |
| JENNIFER SACHS, et al., | ) |  |
| Defendants. | ) |  |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Missouri Eastern Correctional Center's Motion to Dismiss Plaintiff's First Amended Complaint, [Doc. No. 50]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background[1]

Plaintiff's First Amended Complaint is brought for alleged violations of Plaintiff's rights pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq., (ADA), and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, (Section 504). With regard to the Missouri Eastern Correctional Center, (MECC),

---

[1] The facts set out herein are for the purposes of this motion. This recitation of facts in no way relieves the parties of the necessary proof of the facts in later proceedings.

and the Missouri Department of Corrections, (MDOC), the First Amended Complaint specifically alleges that the policies, practices and acts of the Missouri Eastern Correctional Center and the Missouri Department of Corrections violated Plaintiff's rights under the ADA and Section 504.

As alleged in the First Amended Complaint, Plaintiff is severely visually disabled and requires the assistance of auxiliary aids to perform basic tasks. While incarcerated under the control of other correctional facilities in the State of Missouri, Plaintiff was provided various accommodations and modifications of the facilities policies, practices and procedures to accommodate his disability. Upon being placed under the control of MECC, MECC allegedly denied similar accommodations and refused to modify its policies, practices and procedures to accommodate Plaintiff's disability. Plaintiff claims that the denial of accommodations prevented him from participating in programs and services that were available to other inmates under the control of MECC.

## Discussion

## Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v. Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed.

*Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Defendant MECC moves to dismiss the Complaint against it because it is not an entity subject to suit. Defendant argues that it is merely a prison operated by Defendant Missouri Department. of Correction, and therefore not an entity in and of itself. The Court agrees. The First Amended Complaint is legally deficient as to Defendant Missouri Eastern Correctional Center, because jails are not suable entities. See *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D. N.Y. 1994)(jails are not entities amenable to suit); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir.1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir.1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *McCoy v. Chesapeake Correctional Center*, 788 F.Supp. 890 (E.D.Va.1992)(local jails are not "persons"

under § 1983).

## Conclusion

Based upon the foregoing, Defendant Missouri Eastern Correctional Center's Motion to Dismiss Plaintiff's First Amended Complaint is well taken and will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Missouri Eastern Correctional Center's Motion to Dismiss Plaintiff's First Amended Complaint, [Doc. No. 50] is granted.

**IT IS FURTHER ORDERED** that Defendant Missouri Eastern Correctional Center is dismissed from this action.

Dated this 2nd day of March, 2012.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE